

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 16, 1939

Hon. L. P. Heard
County Auditor
Bell County
Belton, Texas

Dear Sir:

Opinion No. O-351 - Amended
Re: Premium on official bond
of deputy of county offi-
cial.

The receipt of your letter of February 11th is
hereby acknowledged and which reads, in part, as follows:

"Will you please advise me, your opin-
ion on whether or not a County official, has
the right or authority, to have his deputies
placed under Bond without the consent of the
Commissioners' Court, and file claim for the
payment of the premium on same, and being
mandatory that the same be paid out of the
Officers Salary fund.

"Or if the same has been consented to by
the Commissioners' Court, can the same be paid
from the Officers Salary fund, or does each de-
puty have to pay the premium on his own bond."

Permit us to call your attention to Article
3899, of the Revised Civil Statutes, 1925, and particular-
ly, Section b, as amended, in that we assume that the
county official referred to is a salary official as au-
thorized in Article 3883. We herein quote in part, Sec-
tion b of Article 3899:

"(b) Each officer named in this Act,
where he receives a salary as compensa-
tion for his services, shall be empowered
and permitted to purchase and have charged
to his county all reasonable expenses
necessary in the proper and legal conduct

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of his office, premiums on officials'
bonds, premium on fire, burglary, theft,
robbery insurance protecting public
funds and including the cost of surety
bonds for his Deputies, such expenses
to be passed on, pre-determined and
allowed in kind and amounts, as nearly
as possible, by the Commissioners'
Court once each month for the ensuing
month, upon the application by each
officer, stating the kind, probably amount
of expenditure and the necessity for the
expenses of his office for such ensuing
month, which application shall, before
presentation to said court, first be
endorsed by the County Auditor, if any,
otherwise the County Treasurer, only as
to whether funds are available for pay-
ment of such expenses. . . .

"Such purchases shall be made by each
officer, when allowed, only by requisition
in manner provided by the County Auditor,
if any, otherwise by the Commissioners'
Court. Each officer shall, at the close of
each month of his tenure of office, make an
itemized and sworn report of all approved
expenses incurred by him and charged to his
county, accompanying such report with in-
voices covering such purchases and requisi-
tions issued by him in support of such re-
port. If such expenses be incurred in con-
nection with any particular case, such report
shall name such case. Such report, invoices
and requisitions shall be subject to the audit
of the County Auditor, if any, otherwise by
the Commissioners' Court, and if it appears
that any item was not incurred by such offi-
cer, or that such item was not a necessary
or legal expense of such office, or purchased
upon proper requisition, such item shall be
by said County Auditor or court rejected, in
which case the payment of such item may be
adjudicated in any court of competent juris-
diction. All such approved claims and ac-
counts shall be paid from the Officers'
Salary Fund unless otherwise provided herein."

Article 3902 is, in part, as follows:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; . . . ."

It will be seen by the wording of said act that the premium on the deputy's official bond may be charged to the county as an item of reasonable expense and that under the provisions of said article, this premium may be paid out of the Officers' Salary Fund.

Also from the above provisions, it is evident that the Legislature intended that the conditions contained in the above part of Article 3899 should be complied with by the official as a condition precedent to allowing, as a matter of right, such expenses as authorized therein. Where, however, such deputies are authorized under the provisions of Article 3902 supra, such authorization would no doubt raise an implied consent on the part of the Commissioners' Court to allow the premium on the deputies official bond, assuming of course that such expense is reasonable.

It is, therefore, the opinion of this Department that where the statutes authorize deputies of such county officials as mentioned in Article 3883 to give bond, that the consent of the Commissioners' Court must be obtained or the above conditions must be complied with before such official can, as a matter of right, demand payment, as an item of expense, the premium of such deputy's bond. The allowance of such expense rests within the sound discretion of the Commissioners' Court and such conditions in said provision, as applicable to the Commissioners' Court, do not limit the exercise of this discretion or make it mandatory on their part to allow such expense. However, assuming such expense is reasonable and the conditions in article

3899 have been complied with by the officers, mandamus
will lie to compel the Commissioners' Court to pay same.
We know of no other fund other than the Officers' Salary
Fund out of which such expense may be paid.

Trusting that the foregoing answers your inquiry,
we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By　(s)　Wm. J. R. King
Assistant

WK:bbb

APPROVED:

(s)　W. F. Moore
First Assistant Attorney General